J-S25039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERNEST MCKNIGHT | : | |
| | : | |
| Appellant | : | No. 3195 EDA 2023 |

Appeal from the PCRA Order Entered December 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0209971-1993

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED AUGUST 16, 2024**

Ernest L. McKnight ("McKnight") appeals pro se from the order entered by the Philadelphia Court of Common Pleas dismissing his petition for writ of habeas corpus ad subjiciendum. Because McKnight's petition was properly construed as a serial, untimely petition pursuant to the Post Conviction Relief Act ("PCRA),[1] and McKnight failed to establish an exception to the statutory time-bar, we affirm.

A prior panel of this Court summarized the factual and procedural histories as follows:

> On May 14, 1993, McKnight pleaded guilty to first-degree felony robbery, conspiracy, and possession of an instrument of crime (PIC). The Honorable Arthur S. Kafrissen sentenced him on the robbery bill to [eleven and a one-half to twenty-three] months' incarceration followed by three years' reporting probation, but

_____

[1] 42 Pa.C.S. §§ 9541-9546

imposed no sentence on the remaining charged. While on probation, McKnight was arrested on March 22, 1994[,] for possession with intent to distribute (PWID) and related offenses. Wanted cards were issues on June 4, 1996[,] after he failed to appear in court to answer these charges. Following a thirteen-year absence from the Commonwealth, McKnight was arrested for robbery and related charges on July 11, 2007[,] in Pennsylvania. He pleaded guilty to possession of a controlled substance for his March 1994 PWID arrest and was sentenced by the Honorable Leslie Fleisher to [six to twelve] months' incarceration.

McKnight appeared for a violation of probation (VOP) hearing on November 9, 2007[,] before the Honorable Chris R. Wogan because Judge Kafrissen had retired. Judge Wogan found McKnight in technical violation of his original probation for failing to report to the probation department and in direct violation for his new arrest and conviction. McKnight received a sentence of [five to seventeen] years' incarceration for his two robbery convictions and one conspiracy conviction, as well [] three years' consecutive probation for his PIC conviction. This sentence was independent from the sentence already received from Judge Kafrissen.

After McKnight filed a "Petition to Vacate and Reconsider Sentence," a second VOP hearing was held on February 5, 2008. The court imposed a sentence of [eight to eighteen] years' incarceration for McKnight's 1993 first-degree robbery conviction and vacated his sentence of three years' probation because his conviction for PIC contained a sentence of "no further penalty." This sentence was vacated on February 25, 2008[,] after McKnight filed a "Post Sentence Motion and Petition to Reconsider Sentence." At a third VOP hearing held on March 19, 2008, Judge Wogan re-imposed a sentence of [eight to eighteen] years' incarceration for McKnight's robbery conviction.

**Commonwealth v. McKnight**, 1018 EDA 2008, *1-3 (Pa. Super. Jul. 28, 2009) (non-precedential decision). McKnight appealed, and this Court affirmed the judgment of sentence; the Supreme Court denied allowance of appeal on March 9, 2010. **See id.**, **appeal denied**, 9 A.3d 628 (Pa. 2010).

Thereafter, McKnight filed a timely PCRA petition. The PCRA court dismissed the petition without a hearing, and this Court affirmed. **See Commonwealth v. McKnight**, 1396 EDA 2012 (Pa. Super. Apr. 8, 2013) (non-precedential decision). McKnight then filed four additional PCRA petitions, all of which were dismissed as untimely. Notably, in 2015, McKnight filed a petition for habeas corpus, arguing that his sentence was illegal because the trial court revoked his probation before the probationary term had started. The PCRA court treated this petition as if it had been filed under the PCRA and dismissed the petition. This Court affirmed. **Commonwealth v. McKnight**, 3442 EDA 2016 (Pa. Super. Nov. 16, 2017) (non-precedential decision).

On July 11, 2023, McKnight filed the underlying pro se "Petition for Writ of Habeas Corpus Ad Subjiciendum," again arguing that the trial court improperly revoked his probation before his probationary term had commenced. To support his claim, McKnight relied on **Commonwealth v. Simmons**, 262 A.3d 512, 527-28 (Pa. Super. 2021) (en banc) (holding that when the trial court imposes an order of probation consecutively to another term, the probationary term, including any specified conditions, cannot commence until the prior term ends). The PCRA court treated the filing as a PCRA petition and dismissed it as untimely. McKnight filed a timely pro se notice of appeal.

McKnight raises six questions for our review, all of which are premised upon the PCRA court's alleged error in treating his habeas corpus petition as a PCRA petition. *See* McKnight's Brief at 5-6.

The law provides that any request for relief filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition if the issue raised is cognizable under the PCRA. *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022); *see also* 42 Pa.C.S. § 9542 (defining the PCRA as "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis"); *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (noting an appellant cannot escape the PCRA time-bar by titling their petition as a writ of habeas corpus).

Although McKnight attempts to argue his claims do not implicate the PCRA, his assertions relate to the trial court's authority to revoke his probation prior to the start of his probationary term—a practice that later rendered his sentence illegal under *Simmons*. McKnight's Brief at 9-10. A claim that a petitioner is serving an illegal sentence claim is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(vii). As McKnight's petition is cognizable under the PCRA, we must construe it as a PCRA petition.

The threshold question we must answer then is whether McKnight's PCRA petition was timely filed or, alternatively, satisfies an exception to the

statutory time-bar. **See Fantauzzi**, 275 A.3d at 994 (noting "the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." **Id.** § 9545(b)(2).

McKnight's judgment of sentence became final on June 7, 2010, after the time to file an appeal to the United States Supreme Court expired. *Id.* § 9545(b)(3). Therefore, the instant PCRA petition, filed on July 11, 2023, is facially untimely. Additionally, McKnight failed to allege, let alone prove, any exceptions to the one-year time-bar. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that "though not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim").[2] To the contrary, McKnight continues to argue that his claim must be addressed under the precepts of habeas corpus, not the PCRA. Accordingly, the PCRA court did not have jurisdiction to entertain McKnight's PCRA petition on the merits and we likewise lack jurisdiction to consider the claim raised on appeal. *See Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims.") (citation omitted).

_____

[2] We additionally note that *Simmons* did not establish a newly recognized constitutional right under section 9545(b)(1)(iii) because it was not a decision by our Supreme Court or the United States Supreme Court. Moreover, although our Supreme Court reviewed and upheld *Simmons* in *Commonwealth v. Rosario*, 294 A.3d 338, 356 (Pa. 2023), the Court did not expressly hold that its decision applied retroactively. *See, e.g., Commonwealth v. Youn*, 2024 WL 2797053, at *4 (Pa. Super. May 31, 2024) (non-precedential decision) (collecting cases and noting that neither *Simmons* nor *Rosario* has been held to apply retroactively).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/16/2024